94 N.J. Super. 220 (1967)
227 A.2d 535
BANK OF NORTH AMERICA, A CORPORATION OF THE STATE OF NEW YORK, PLAINTIFF,
v.
BANK OF NUTLEY, A BANKING CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 3, 1967.
*222 Mr. Irving Morris, attorney for plaintiff.
Mr. Robert S. Fisher, attorney for defendant.
MEHLER, J.S.C.
These are cross-motions for summary judgment by two holders of security interests in an automobile, each claiming priority.
On December 3, 1964 Joseph Kaplan, a New York City resident, purchased a car from Lee Motors (Lee). To secure part of the purchase price, the parties executed a retail installment security agreement which gave Lee a security interest in the car. Lee assigned the agreement to defendant which, on March 24, 1965, filed a copy and a financing statement with the New York City Register, New York County (Register). It is this filing which has become the focal point of the controversy.
On April 7, 1965 Kaplan and defendant executed a new security agreement in favor of defendant. It provided for the payment of the old indebtedness and the cost of collision insurance which defendant provided at Kaplan's request, and also extended his time to make the payment next due.
On May 17, 1965 Kaplan borrowed $2,160 from plaintiff and, to secure repayment of this sum, executed a security agreement and financing statement which created a lien on Kaplan's car in favor of plaintiff. The financing statement was filed with the Register on May 20, 1965.
On Kaplan's default in making payments due to defendant, it repossessed the car in October 1965 and at the ensuing sale purchased it for $1,500. Plaintiff then brought this action, in which it charges conversion of the car and claims from defendant the amount due plaintiff from Kaplan.
Plaintiff moved for summary judgment. It conceded, for the purpose of the motion, that the filing of the December 3, *223 1964 agreement on March 24, 1965 "was proper in form and content and effective as to all subsequent parties in interest." However, it contended that the debt represented by that agreement had been satisfied and cancelled by the April 7, 1965 agreement and that the security interest given by that agreement was not good against plaintiff because neither that agreement nor a financing statement connected with it had ever been filed. Defendant countered with a motion for summary judgment. It contended that the original debt and agreement were not discharged by the April 7 agreement and that in any event plaintiff's filing was not effective as to defendant since plaintiff's financing statement does not accurately give the car's serial number and fails to cover all interests in the vehicle. In response to this motion, plaintiff now urges that defendant's filing on March 24, 1965 was ineffective because the agreement was filed under the name of Joseph Kaplas instead of Joseph Kaplan, and hence did not give notice of defendant's interest in the car.
To understand the issue thus presented, it is necessary to review the facts relevant to this contention and the law of New York, which both parties agree is applicable to this case because the car has been located in that State. See N.J.S. 12A:9-102 and comment thereunder. Statutory references hereinafter made are to sections of Article 9 of the Uniform Commercial Code of New York, 62 1/2 McKinney's Consolidated Laws of New York (Code), c. 38. These sections are, with few exceptions, identical to the correspondingly numbered sections of New Jersey's Code.
Generally speaking, a financing statement must be filed in order to protect a security interest in property not retained by the creditor. Section 9-302. A copy of the security agreement is sufficient as a financing statement if it contains the information which must be included in such a statement and is signed by both parties. Section 9-402 (1). Priorities between conflicting security interests in the same collateral are determined in the order of filing if both are perfected by filing. Section 9-312(5)(a). Filing consists of the presentation for *224 filing of a financing statement, tender of the filing fee, and acceptance of the statement by the filing officer. Section 9-403(1). The statement is indexed by the filing officer according to the name of the debtor. Section 9-403(4). A security interest is perfected when it has attached and when all of the applicable steps required for perfection have been taken. Section 9-303(1). New York, being a "non-title" state for motor vehicles, provides for the perfection of a retail security interest in a motor vehicle required to be licensed or registered in that state by the filing of a financing statement or a copy of the security agreement with the proper filing officer of the county in which the debtor resides, in this case the Register. Sections 9-302(1)(d), 9-401.
Although a financing statement must usually be signed by the debtor and the secured party (Section 9-402(1)), a financing statement which otherwise complies with that subsection is sufficient, even when it is signed only by the secured party, if it is filed to perfect a security interest in any of three classes of property. Section 9-402(2). One such class is collateral under a security agreement signed by the debtor and authorizing the secured party to file a financing statement. Section 9-402(2)(c). However, this subsection specifies that the financing statement, which may be filed by either the original secured party or the assignee, must state that it is filed in accordance with a security agreement signed by the debtor and authorizing the filing of the statement. (New Jersey's corresponding Section 9-402 does not contain a provision like that contained in New York's Section 402(2)(c).) It is against this statutory background that the events involved in this case must be viewed.
The retail installment security agreement between Kaplan and Lee, which was entered into in New Jersey, does not authorize the creditor to file a financing statement not signed by Kaplan. After Lee had assigned the agreement to defendant, the latter endeavored to protect its interest in the car against subsequent creditors. It prepared a financing statement on standard form UCC-1 approved by the Secretary of *225 State of New York, placed the statement on top of and fastened it to the security agreement, and presented the documents so attached to the Register for filing.
The buyer's name appears in only two places in the security agreement: the first near the beginning, where the name Joseph Kaplan is printed in ink, and the second near the bottom, where he signed it. His signature can readily be read as Joseph Kaplas. The blanks in the financing statement are filled in with typewriting. The debtor's name is given as Joseph Kaplas. Item 10 of the statement reads as follows: "This statement is filed without the debtor's signature to perfect a security interest in collateral (check appropriate box)." The box checked reads, "Under a security agreement signed by debtor authorizing secured party to file this statement." The statement is signed by an assistant cashier of defendant. A certificate of the Register indicates, and defendant concedes, that the instruments were filed by the Register under the name of Joseph Kaplas as debtor.
Defendant says that the UCC-1 form was attached to the security agreement only as a cover sheet because the Secretary of State of New York requests that when a copy of the security agreement is used as a financing statement it be accompanied by a completed but unsigned set of UCC-1 forms. The UCC-1 form presented to the Register by defendant did not conform to that request. It was signed by defendant who, by completing item 10, informed the Register that the statement was being filed without the debtor's signature under a security agreement signed by the debtor which authorized the filing of that instrument without his signature. The Register was justified in treating the security agreement as proof that that agreement did in fact authorize defendant to file the financing statement without the debtor's signature. Furthermore, the signature on the agreement is such that, in fact, it can be read as Kaplas more readily than Kaplan. Thus, the completion of item 10 and the defendant's signature on the statement destroyed its appearance as a cover sheet. It was a fully completed financing statement such as is authorized by *226 Section 9-402(2)(c). The Register was therefore not only justified but obliged to index the instruments under the name of Kaplas. Such filing, which prevented plaintiff from discovering defendant's interest in the car, was entirely due to the act or neglect of defendant.
Defendant maintains that its mistake is not fatal, because under Section 9-402(5) a financing statement which substantially complies with the requirements of that section is effective even though it contains minor errors which are not seriously misleading. It also relies on In re Bengston, 40 Conn. Bar J. 57, 3 UCC Rep. Svc. 283 (D.C. Conn. 1965). Neither reference is helpful to defendant. In Bengston, a questionable decision, the financing statement described the debtor as Bruce's-Vernon Circle Service and it was signed "Bruce R. Bengston, Debtor." The court held that the statement was sufficient, since all that the statute requires are the signature and mailing address of the debtor. Here, the debtor's signature was dispensed with by defendant's statement that it was not required, so that Kaplas was the only person identified as the debtor. That error was seriously misleading since it deprived subsequent creditors about to furnish credit to Kaplan of the opportunity of discovering defendant's security interest in his car. Accordingly, it is concluded that by misstating the debtor's name, the financing statement did not substantially comply with the requirements of the Code and is ineffective as to plaintiff. The remaining questions raised by it, therefore, need not be decided.
The objections raised to plaintiff's financing statement are without merit. As the official comment under Section 9-402 shows, that section adopts the system of "notice filing." The purpose of the filed statement or agreement is to give the minimum information necessary to put a searcher on inquiry. The section contemplates that the complete state of affairs will be learned only after such inquiry. Plaintiff's financing statement shows that it held a security interest in Kaplan's car. Inquiry would have revealed that plaintiff had loaned moneys to Kaplan and had taken a security interest *227 which was not a second and subordinate interest. Plaintiff's financing statement describes Kaplan's car by year, model and maker. The fact that one digit of an 11-digit serial number was erroneous is of no consequence. This is a minor error which is not seriously misleading. Section 9-402(5).
Plaintiff is entitled to a summary judgment. Since the action is in conversion, the measure of damages is the reasonable value of the car at the time of conversion. Tessmar v. Grosner, 23 N.J. 193 (1957). Since such value was $1,500 and plaintiff has indicated a willingness to waive the excess of its claim over that amount, judgment will be entered in the sum of $1,500. An order, consented to as to form, should be submitted or settled on notice.