FIRST STATE BANK OF NORA SPRINGS, Iowa, Appellee,

v.

Dennis M. WAYCHUS and Billie M. Waychus, Defendants,

and

Harold W. Johnson, Defendant-Appellant.

No. 54260.

Supreme Court of Iowa.

Feb. 9, 1971.

Ray E. Clough, Mason City, for appellant.

Zastrow, Noah & Smith, Charles City, for appellee.

REES, Justice.

This is an interlocutory appeal from a ruling of the trial court on plaintiff's application for separate adjudication of law points under rule 105, R.C.P. Plaintiff bank was the holder of a security interest in certain hogs owned by the defendants Waychus, and allegedly sold by defendants Waychus to defendant Johnson. The legal question for determination on the application for separate adjudication of points of law was whether plaintiff's financing statement constituted valid constructive notice to defendant Johnson. The trial court concluded the financing statement did constitute valid constructive notice of the bank's security interest in the hogs. We affirm the trial court.

The pertinent facts were stipulated between the plaintiff bank and defendant Johnson prior to hearing on the application for adjudication of points of law. It was stipulated the bank had loaned money to the defendants Waychus from time to time during 1968, which loans were evidenced by written promissory notes and secured by security agreements, none of which were recorded either in the Floyd County courthouse or in the office of the Secretary of State; the only recordation being of a certain financing statement filed in the office of the Recorder of Cerro Gordo County on October 17, 1968. The parties stipulated that the real estate description on the financing statement was erroneous and that by reference to section, township and range the description contained therein actually described lands in Floyd County, whereas the defendants Waychus in fact resided on a tract of land in Cerro Gordo County. It was stipulated defendant Johnson had no actual notice or knowledge of the promissory notes, the security agreements, or the financing statement.

Plaintiff, in its petition, asserted defendant Johnson had from time to time purchased hogs from the defendants Waychus and that the financing statement constituted valid constructive notice upon him. Defendant Johnson has denied in his pleadings that the financing statement did constitute valid constructive notice by reason of the erroneous legal description.

Defendant Johnson now contends the trial court's conclusion that the financing statement constituted valid constructive notice necessarily involves certain subsidiary or collateral questions: (1) whether an erroneous legal description of real estate voids constructive notice, (2) whether the Iowa Uniform Commercial Code requires *any* legal description of location as a part of the description of personal property, and (3) if the Iowa U.C.C. does not require description of the location of personalty, but such description is voluntarily and erroneously included in the financing statement, whether the inclusion of such erroneous legal description is misleading so as to nullify constructive notice.

I. Item five of the financing statement provides, "This financing statement covers the following types (or items) of property: All Farm Machinery, All Brood Sows & the increase, All Crops, feed and roughage."

At item seven of the financing statement the description of the real estate is set out which is admittedly erroneous inasmuch as

the defendant Waychus resided on an 11½ acre tract located in section 16–97–19 in Cerro Gordo County, and the statement described an 11½ acre tract in section 16–97–18 in Floyd County. In the stipulation of facts entered into, the parties stipulated the defendants would testify that neither on nor subsequent to October 17, 1968, the date of the filing of the financing statement in the office of the Recorder of Cerro Gordo County, did they have upon the real estate which was incorrectly described in the financing statement any brood sows or their increase. Parties further stipulated the defendant Johnson would testify that if on or subsequent to the date of the filing of the financing statement he purchased any hogs from the defendants, which he did not in fact admit, that none of the hogs so purchased were at the time of the purchase or at any time prior thereto, kept upon the real estate of the defendants. It was stipulated Johnson would further testify if any hogs were purchased by him from defendants Waychus such hogs were kept at all times and purchased by him from other tracts of real estate leased by defendants or otherwise in the possession of the defendants, and that he would further testify he had no actual knowledge or notice of the notes or security agreements between defendants Waychus and plaintiff bank, or of the financing statement in question.

It is apparent there is no present requirement under the law that the location of livestock be set out in a financing statement. Certainly the erroneous description would be insufficient to impart. constructive notice as to a claimed security interest in crops, but the erroneous description or for that matter the lack of a description entirely would not impair the efficacy of the financing statement insofar as it imparts constructive notice as to a security interest in hogs or other livestock.

In Uniform Laws Annotated, U.C.C., Volume 3, page 263, we find the following comment, "What is required to be filed is not, as under chattel mortgage and conditional sales acts, the security agreement itself, but only a simple notice which may be filed before the security interest attaches or thereafter. The notice itself indicates merely that the secured party who has filed may have a security interest in the collateral described. Further inquiry from the parties concerned will be necessary to disclose the complete state of affairs."

█ Defendant Johnson cites and relies upon Slimmer & Thomas v. Lawler, 205 Iowa 813, 218 N.W. 516. In the Slimmer case, the court reiterated the rule that a description of chattel property should be sufficiently specific to enable a third person to go to the place indicated therein and to set the chattel property apart by reference only to the instrument itself, aided by such inquiries as might be indicated or directed thereby. We conclude as did the trial court that cases involving constructive notice which arose under our former chattel mortgage recording acts are not presently authority for controversies arising under the Uniform Commercial Code.

██ II. The contention of defendant Johnson that the description in the financing statement does not reasonably identify what is intended to be described is assigned as his second proposition upon which he relies for reversal. Defendant insists that while section 554.9402 of the U.C.C. relates to formal requisites, it is section 554.9110 which controls the sufficiency of the description. Said· section provides, "For the purposes of this Article *any* description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described." Any apparent variance between section 554.9402 and section 554.9110 is readily reconciled; the test of the sufficiency of a description of property is that the description does the job assigned to it—that it make possible· the identification of the thing described. Certainly the financing statement was sufficient to direct inquiry and therefore to impart constructive notice.

█ III. It is the further position of defendant Johnson that even if the legal

description of the real estate whereon the personal property is situated is not now necessary under our present Uniform Commercial Code, either as an absolute requirement of the statute or as a part of reasonable identification, that still the voluntary inclusion by plaintiff bank of the erroneous legal description under the circumstances of this case is fatally misleading and defective.

There is no claim in the matter before us that defendant Johnson was misled by the erroneous description. He denies any actual notice of the financing statement and we agree with the trial court that he cannot claim an erroneous real estate description misled him to believe that only the livestock of the defendants Waychus which was on particularly described property was covered by the security interest.

We find no reversible error, and affirm the trial court.

Affirmed.

All Justices concur.