STILL ASSOCIATES, INC. *vs.* KENNETH F. MURPHY.

Suffolk. December 10, 1970. — March 2, 1971.

Present: TAURO, C.J., SPALDING, CUTTER, REARDON, & QUIRICO, JJ.

*Uniform Commercial Code,* Financing statement. *Conversion.*

Under the Uniform Commercial Code, G. L. c. 106, §§ 9–402 (1) and 9–402 (5), a financing statement given to a lender of money by the owners of a truck which was accurately described in the statement except for a mistake in the last digit of its serial number made by the lender's agent was not insufficient because of such error in the absence of a showing of actual prejudice therefrom, and the lender was entitled to recover for conversion from one who purchased the truck with-

out actual notice of the lender's lien and in good faith from the owners while they were in default in their payments to the lender, and who refused the lender's demand for the truck.

TORT. Writ in the Municipal Court of the City of Boston, dated March 25, 1969.

The action was heard by *Lewiton*, J.

*Max L. Rubin* for the plaintiff.

*Daniel J. Bailey, Jr.*, for the defendant.

REARDON, J. The plaintiff in this action of tort seeks damages for the conversion by the defendant of a 1967 Dodge truck. The defendant's answer was a general denial. The judge found for the defendant. The case comes to us on appeal by the plaintiff from an order of the Appellate Division of the Municipal Court of the City of Boston which dismissed a report.

The facts agreed upon by the parties and summarized in a report of the Municipal Court judge are as follows. On October 31, 1967, Charles J. Lavoie and his wife executed a promissory note, a chattel mortgage, financing statement, and security agreement for the plaintiff covering among other items "one (1) 1967 Dodge 6 cyl. D–100 pickup serial #1161–702080." The serial number was in error in that the correct number was 1161–702088, the error being due to the inadvertence of an agent of the plaintiff who prepared the documents. On September 30, 1968, while the Lavoies were in default on their payments to the plaintiff, Lavoie gave a bill of sale of the truck to the defendant in which the vehicle was correctly identified. The defendant never had actual notice of the existence of the plaintiff's lien and acted in good faith in purchasing the truck from Lavoie. He is now in possession of the truck, having refused the demand by the plaintiff on December 12, 1968, to return it. At the time of the sale to the defendant, the fair market value of the truck was $1,500, which had depreciated by $150 at the time of the plaintiff's demand. Relying on *Wise* v. *Kennedy*, 248 Mass. 83, the Appellate Division dismissed the report.

1. The validity of the financing statement, upon which resolution of this case hinges, is to be determined under the

provisions of the Uniform Commercial Code, G. L. c. 106, §§ 9–402 (1) and 9–402 (5), as appearing in St. 1957, c. 765, § 1. Section 9–402 sets up a system of "notice filing" which we have previously described as "a method of protecting security interests which at the same time would give subsequent potential creditors and other interested persons information and procedures adequate to enable the *ascertainment* of the facts they needed to know" (emphasis supplied). *National Cash Register Co.* v. *Firestone & Co. Inc.* 346 Mass. 255, 261. Section 9–402 (5) provides in particular that "[a] financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading." If we apply this provision to the facts of this case consistently with "the broad purposes of the act" (see *National Cash Register Co.* v. *Firestone & Co. Inc., supra,* at p. 261) we are led to conclude that the validity of the financing statement was not affected by the mistake in the last digit of the serial number.

Section 9–402 (1) requires only a "statement indicating the types, or describing the items, of collateral," and the concededly accurate description, "one (1) 1967 Dodge 6 cyl. D–100 pickup," fully satisfied this requirement. Courts in other jurisdictions have held much less to be sufficient. *General Motors Acceptance Corp.* v. *Terra Contractors Corp.* 161 N. Y. L. J. No. 94, p. 18, May 14, 1969 (N. Y. Civil Court, N. Y. City) ("motor vehicle" sufficient). In the face of a sufficient description, the mere fact of an erroneous serial number following it cannot be held to be "seriously misleading." *Bank of North America* v. *Bank of Nutley,* 94 N. J. Super. 220, 227 (accurate description of car in financing statement by year, model, and maker; serial number off by one digit). *In re Esquire Produce Co. Inc.* 5 U. C. C. Rep. Serv. 257 (E.D. N.Y., February 27, 1968, Bankruptcy No. 66–B–1052) (description of collateral only as "1966 Ford"; serial number off by one digit). It has been held that the necessity of listing by serial number that property which serves as collateral under a security agree-

ment was taken away by the Uniform Commercial Code and, in fact, a description of automobiles as being passenger and commercial automobiles financed by a bank is sufficient. *Girard Trust Corn Exch. Bank* v. *Warren Lepley Ford, Inc.* (*No. 2*), 13 D. & C. 2d 119 (Pa.). There is no showing here that the defendant was prejudiced by the minor error made by the plaintiff's agent, or that he would have been had he made the inquiry which the Code contemplates. In circumstances such as these, where the error is not on its face sufficiently serious to invalidate the financing statement, it appears proper to us to require the party seeking to invalidate it under § 9–402 (5) to make some showing of actual prejudice. See *Eastern Acceptance Corp.* v. *Camden Trust Co.* 33 N. J. 227.

2. It is implicit in this holding that *Wise* v. *Kennedy*, *supra*, is no longer to be followed. This result is consistent with the Comment to G. L. c. 106, § 9–110, "The requirement of description of collateral . . . is evidentiary. The test of sufficiency of a description laid down by this Section is that the description do the job assigned to it — that it make possible the identification of the thing described. Under this rule courts should refuse to follow the holdings, often found in the older chattel mortgage cases, that descriptions are insufficient unless they are of the most exact and detailed nature, the so-called 'serial number' test."

3. At the time of the sale of the truck by Lavoie to the defendant, the plaintiff had the right, because of the Lavoies' default in payments, "to take possession of the collateral" and "to sell, lease or otherwise dispose of . . . [it]." G. L. c. 106, §§ 9–503, 9–504. Accordingly, the truck was converted by the defendant at the time of the sale to him, and the plaintiff is entitled to damages in the amount of $1,500. *Lehan* v. *North Main St. Garage, Inc.* 312 Mass. 547, 548. *Prime Business Co.* v. *Drinkwater*, 350 Mass. 642, 645. The order of the Appellate Division dismissing the report is reversed, the finding for the defendant is vacated, and judgment is to be entered for the plaintiff in the sum of $1,500.

*So ordered.*