**CENTRAL NATIONAL BANK & TRUST COMPANY OF ENID, Oklahoma, Appellee,**

v.

**COMMUNITY BANK & TRUST COMPANY OF ENID, Oklahoma, Appellant.**

**No. 46642.**

Supreme Court of Oklahoma.

Nov. 12, 1974.

McKeever, Glasser, McKeever & Conrad, Enid, for appellee.

McKnight, Gasaway, McKnight & Beck, Enid, for appellant.

WILLIAMS, Vice Chief Justice.

This appeal presents a question of priority of liens as between two Enid banks, Community Bank and Trust Company and Central National Bank and Trust Company, hereinafter referred to as Community and Central respectively. Both banks made loans to the same debtor with the same automobile, a 1972 Ford LTD, Serial No. 2G68S176503, as security. Although Community's security agreement was taken and filed earlier, the trial court's judgment accorded priority to the Central security agreement and Community appeals. All

other parties in the trial court either defaulted or filed disclaimers and only the relative' rights of the two 'banks are involved on appeal.

The pertinent facts are not in dispute. After a series of loan transactions with the debtor Anderson, under the name of "Lee Anderson", Community made a loan to "Lee Anderson", taking a security agreement on the new automobile which it properly filed in the County Clerk's office, where it was indexed under the name of "Lee Anderson". Community did not examine the manufacturer's statement of origin, issued three days earlier to James Anderson, and took no steps to assure itself that the car title papers would be issued in the name of Lee Anderson. The same day Anderson, whose full name was James Lee Anderson, applied for and received an Oklahoma certificate of title in the name of James L. Anderson. His excise tax receipt was issued in the same name.

About six months later Central also made a loan to Anderson, as "James L. Anderson", taking and filing a security agreement covering the same automobile. Before doing so it made a telephone check with the County Clerk's office and determined correctly that no prior liens on the automobile had been filed against James L. Anderson, the name shown on the certificate of title.

In a lengthy journal entry of judgment, the trial court made findings of facts which, in addition to the matters above summarized, included the following:

*"That although no one at the trial of this case, or in the briefs, made mention of the identifying serial number of the automobile in question, it is clear to the Court, upon careful examination of the exhibits that the proper serial number was and is 2G68S176503 * * * but the Community Bank original note and security agreement * * * as well as its filing copy * * * shows that Community Bank took security upon a car with a Serial Number 2G685176503. * * *"* (Emphasis added).

In a corresponding conclusion of law, the trial court held that because of the mistake in the serial number, Community's "* * * alleged lien upon this car was not perfected".

We agree with Community that its lien is not to be defeated solely because of the 1-digit mistake in the serial number. Under 12A O.S.1971, § 9–110, "* * * any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described". The Uniform Commercial Code Comment under this section includes the following:

"* * * The test of sufficiency of a description laid down by this Section is that the description do the job assigned to it—that it make possible the identification of the thing described. Under this rule courts should refuse to follow the holdings, often found in the older chattel mortgage cases, that descriptions are insufficient unless they are of the most exact and detailed nature, the so-called 'serial number' test. * * *"

The security agreements in this case were filed as financing statements under 12A O.S.1971, § 9–402, sub-section 5 of which provides that "A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading".

In this connection, see Bank of North America v. Bank of Nutley, 94 N.J.Super. 220, 227 A.2d 535, in which a 1-digit mistake in an 11-digit serial number was held to be "a minor error which is not seriously misleading" in a case applying the New York version of the Uniform Commercial Code.

The wisdom of this rule is well illustrated by the facts in this case in which it appears that neither the parties, their witnesses, nor their counsel noticed the discrepancy in the serial number until it was called to their attention by the trial judge after trial briefs had been filed and the case submitted for decision.

■ Although the court's holding that Community's lien was not perfected because of the error in the serial number was erroneous, it does not follow that the judgment must be reversed. The court also found in effect that Community was negligent in not examining the manufacturer's statement of origin, and in not assuring itself that the certificate of title had been, or would be, issued in the name of Lee Anderson. The court further found that Community " * * * had the means to protect itself, and did not, or by its conduct created the circumstances which enabled Mr. Anderson to perpetrate additional wrongs and later obtaining three additional loans from two other banks, on the strength and security of this same automobile". The court then held, in effect, that Community's lien, although filed first, did not constitute notice to Central because it was filed under a different name, and accorded precedence to Central's lien under the rule stated as follows in Bankers Investment Co. v. Humphrey, Okl., 369 P.2d 608:

> " * * * Where one of two innocent parties must suffer through the act or negligence of a third party, the loss should fall upon the one who by his conduct created the circumstances which enabled the third party to perpetrate the wrong or cause the loss."

In a reply brief, Community argues that the quoted rule from *Bankers* should not be applied because (1) the facts were different in that case, in which two different people, and not merely two different names of the same person, were involved, and (2) this case should be governed entirely by the provisions of the Uniform Commercial Code and equitable principles should not be applied.

As to (1) above, we do not agree that the *pertinent* facts were different. In both cases, the prior claimant filed a lien under a name not shown on the car title papers, and without examining the certificate of title or the manufacturer's statement of origin. In both cases, the subsequent claim-

ant properly relied upon the name shown on the certificate of title.

As to (2) above, Community argues that it was guilty of no intentional wrong, and that it did all that was required by the applicable provisions of the Uniform Commercial Code in taking and filing its security agreement. This is true, but only as to automobiles owned by *Lee* Anderson. Clearly, Community's failure to file its lien in the name shown on the certificate of title was responsible for Central's later determination, justified by the lien records of the County Clerk, that there was no prior lien on record against an automobile owned by *James L.* Anderson.

■ The quoted rule from *Bankers,* also called the doctrine of estoppel by negligence and the "two innocent persons" principle, is admittedly of equitable origin. See 28 Am.Jur.2d Estoppel and Waiver, § 62 and 27 Am.Jur.2d Equity, § 147. Under 12A O.S.1971, § 1–103, " * * * the principles of * * * equity, including * * * estoppel * * * shall supplement * * *" the provisions of the Uniform Commercial Code unless displaced by particular provisions of that Code.

We hold that the quoted rule from Bankers was properly applied in this case.

■ Community also argues that since Anderson's mailing address was the same on both security agreements, Central should have known that the debtor was the same. However, since the lien records of the County Clerk are indexed alphabetically according to the debtor's name, and not according to the mailing address, Central was not charged with notice of that fact. We agree with the conclusion of the trial court that " * * * reasonable diligence, in this case, would not require Central National Bank to examine all the secured transaction index under the name of 'Anderson' ".

The judgment of the trial court is affirmed.

All the Justices concur.