Fred P. ADAMS, dba Fasco and Deseret United Inc., Plaintiffs and Respondents,

v.

Lynn NUFFER et al., and First State Bank, Defendants and Appellants.

No. 14281.

Supreme Court of Utah.

May 24, 1976.

Ken Chamberlain of Olsen & Chamberlain, Richfield, for First State Bank.

George H. Speciale, Salt Lake City, for Nuffer.

Jack L. Schoenhals, Salt Lake City for Adams.

Grant M. Prisbrey, Salt Lake City, for Deseret.

ELLETT, Justice:

This lawsuit was initiated by Mr. Adams for the return of a boat and personal property and damages for the alleged wrongful taking and detention thereof. There is no claim of right for the taking and detention, if any, of personal property other than the boat.

The issue involved herein is the validity of a financing statement given to the appellant bank by the manufacturer of the boat which described it as a "Seaflite 2200 Offshore # D.M.F.A. 0082 M–75L." The actual number of the boat is D.M.F.A. 0082 M–74L. The underscored numerals indicate the year during which the boat was manufactured. The serial number and description of the engine in the boat is correctly stated in the document.

The trial court gave a partial summary judgment in favor of the respondent on the ground that the "Financing Statement . . . was defective and the defect was sufficient to defeat the bank's security interest in the boat . . . ."

The trial court was in error in holding that the figures showing the year of manufacture invalidated the statement. An excellent article by Professor Boyce is found in 1966 Utah Law Journal at page 52 wherein the law is set out and cases cited. The article states:

> The description of the goods required to be contained in a security agreement need not be so exact as to provide the reader of the instrument with specific knowledge of the property or collateral involved. The code provides that any description of personal property or real estate will be sufficient "whether or not it is specific if it reasonably identifies what is described. [70A–9–110] Thus, the requirement that personal property in the form of goods be described by serial number, or similar identification, is repudiated (1966 opinion, Utah Attorney General, 31).

The general law is also set out in 69 Am.Jur., Secured Transactions, Sec. 394:

> Since the Uniform Commercial Code merely requires only such description as is sufficient to identify reasonably what is described, whether or not it is specific, it follows that the courts generally take a liberal approach to descriptions set forth in a financing statement, particularly where it is difficult to describe the property accurately. Accordingly, it follows that a court will overlook a failure to set forth a detailed description, including the serial number of the collateral, in a financing statement.

The partial summary judgment is reversed and the case is remanded to try the issues relating to the personal property other than the boat. Costs are awarded to the appellant.

HENRIOD, C. J., and CROCKETT, TUCKETT, and MAUGHAN, JJ., concur.