The FIRST NATIONAL BANK IN CRESTON, Creston, Iowa, a Corporation, Appellant,

v.

David FRANCIS, a/k/a Dave Francis and Farmers Cooperative Company, A Corporation, Appellees.

No. 69159.

Supreme Court of Iowa.

Jan. 18, 1984.

Paul J. Boysen, Jr. of Camp, Harsh & Boysen, Creston, for appellant.

Edward T. Harvey, Jr. of Mullin, Mullin & Harvey, Creston, for appellees.

WOLLE, Justice.

Plaintiff First National Bank in Creston, Iowa, appeals from the district court's order granting defendant Farmers Cooperative Company's motion for summary judgment. The sole issue presented is whether the bank's incorrect description of real estate on which encumbered crops would be found nevertheless imparted constructive notice to the cooperative of the claimed security interest. We affirm, concluding as did the trial court that the erroneous description was seriously misleading and insufficient to put the cooperative on notice of the bank's claimed interest.

The bank loaned money to David Francis for his farming operations. To secure the loan the bank prepared and had Francis

execute a security agreement and financing statement in favor of the bank. Both documents secured, among other items, growing crops (and proceeds) on land described as the southeast one-quarter of section 24, township 71 north, range 32 in Grant Township, Adams County, Iowa. That description was in error; the bank had intended to refer not to section 24 but to section *25* (where Francis lived on a farm his father owned). The financing statement was duly filed with the secretary of state.

The bank brought this action against Francis when his financial situation worsened; the cooperative was joined as a defendant because it had purchased grain from Francis after the bank's financing statement had been filed. Neither Francis nor the cooperative had paid the bank the proceeds from the sale of grain which Francis had produced on section 25 and on land he was farming in three other counties. The district court dismissed as to Francis when he received a discharge in bankruptcy. Thereafter, the district court granted the cooperative's motion for summary judgment, finding the bank's description seriously misleading because it erroneously referred to crops located on a specific quarter of section 24 when the bank intended to encumber other crops. We must answer the question of law arising from these undisputed facts by applying Iowa statutes which require that a secured party sufficiently describe its secured property.

Two provisions of the Iowa Commercial Code specifically provide that when a financing statement covers crops growing or to be grown, the filed documents must include a description of the real estate concerned. Iowa Code section 554.9203 (1981) provides in pertinent part that:

a security interest is not enforceable against ... third parties with respect to the collateral and does not attach unless ... a security agreement ... contains a description of the collateral and in addition, when the security interest covers crops growing or to be grown ..., a description of the land concerned;

Similarly, Iowa Code section 554.9402(1) (1981) provides:

When the financing statement covers crops growing or to be grown, the statement must also contain a description of the real estate concerned.

■ Two other code provisions relax somewhat these and other description requirements. Iowa Code section 554.9402(8) (1981) provides:

A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading.

Additionally, Iowa Code section 554.9110 (1981) provides:

For the purpose of this Article any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described.

Thus, a person securing crops, as distinguished from other personal property, must include a description of the real estate where the crops are produced or located. That description, however need not be specific "if it reasonably identifies what is described" (Iowa Code § 554.9110), and the description may even contain "minor errors which are not seriously misleading." [Iowa Code § 554.9402(8) ].

■ Since the bank provided a very specific description of the real estate, this case is unlike several cited by the parties in which the land description was either too indefinite or entirely omitted. *See, e.g., Chanute Production Credit Association v. Weir Grain and Supply, Inc.,* 210 Kan. 181, 181, 499 P.2d 517, 518 (1972) (crops "on land owned or leased by debtor in Cherokee County, Kansas" too indefinite); *First National Bank of Atoka v. Calvin Pickle Co.,* 516 P.2d 265, 266 (Okl.1973) ("All crops for the 1967 Season" an inadequate description). Our decision must turn not on whether the description was sufficient to secure crops but whether it was so specific that it could only reasonably be read to secure the crops on the described land. We agree with the trial court's con-

clusion that the bank's erroneous specific description was "seriously misleading" and did not encumber the crops which the cooperative purchased.

█ The description was misleading because a person checking the filed documents would reasonably conclude that the only crops the bank intended to secure were those in the southeast one-quarter of section 24. Nothing in the bank's description would have caused the cooperative or some other person checking the record to suspect the section number was wrong or that the bank intended to encumber crops on other land. Consequently, this case is not controlled by the rule that a description is sufficient if the property "is described in such a manner as to enable third persons, aided by inquiries which the instrument itself indicates and directs, to identify the property . . . ." *Producers Livestock Marketing Association v. Morrell & Co.,* 220 Iowa 948, 950, 263 N.W. 242, 243 (1935) (quoted as authoritative in the Iowa Code Comment to § 554.9110). The purpose of the Code's description requirements for financing statements is to give notice to purchasers and third-party creditors and allow them to identify what property is secured. J. White & R. Summers, *Handbook of the Law Under the Uniform Commercial Code* § 23–16, at 964 (2d ed. 1980). For crops, our legislature has required a description of the land to assist the third person in making that identification. When, as here, nothing in the instrument itself indicates or directs that further inquiry should be made concerning the location of the secured crops, the third person need not make further inquiry. The bank can point to nothing within the financing statement or security agreement which would have alerted third persons that the bank had made a mistake and in fact intended to cover crops other than those at the specified location.

█ We do not imply by our decision that the party securing crops must give an exact legal description of the real estate where crops may be found. The description need only reasonably identify the land.

Iowa Code § 554.9110 (1981). For example we agree with the holding of *United States v. Big Z Warehouse,* 311 F.Supp. 283 (S.D. Ga.1970), where the court found sufficient (under similar Georgia statutes) a description of "crops" which simply named the farmer and listed the county, the approximate acreage of his farm, and its location "1 Mi. North of Offerman, Ga." A third person noting that somewhat indefinite description would have been put on further inquiry to learn precisely what crops were encumbered. 311 F.Supp. at 285–86. Here, in contrast, the cooperative was not put on further inquiry because the description itself specifically defined and delineated the location of encumbered crops.

This case is also distinguishable from serial number cases in which general descriptions of vehicles or other chattels have been found sufficient even though mistakes appeared in given serial numbers. The mistakes in those cases did not defeat the creditor's security interest because from the entire description the secured property could reasonably be identified. *See, e.g., Matter of Vintage Press, Inc.,* 552 F.2d 1145, 1147 (5th Cir.1977) (printing press identifiable by description and location although serial number incorrect); *City Bank and Trust Co. v. Warthen Service Co.,* 535 P.2d 162, 163–65 (Nev.1975) (debtor's "1970 Buick Wildcat" identifiable although serial number incorrect). This case is different because nothing on the face of the bank's land description suggested that crops located elsewhere were encumbered.

In granting the cooperative's motion for summary judgment the trial court appropriately relied upon dictum in our opinion in *First Security Bank v. Voelker,* 252 N.W.2d 400 (Iowa 1977). There, we held that an accommodation party was discharged from liability to a bank because the bank failed to describe the real estate in its financing statement and thereby negligently failed to perfect a lien on encumbered crops. 252 N.W.2d at 402–03.

An earlier precursor of our decision in this case is *First State Bank of Nora*

*Springs v. Waychus*, 183 N.W.2d 728 (Iowa 1971), in which a purchaser of hogs from a farmer sought to avoid the bank's security interest by pointing out that the bank's legal description of the farm location was in error. The error in that description, like that here, involved one digit (an 11½ acre tract in section 16–97–18 rather than 16–97–19). We held the description of hogs sufficient because the statute did not require that a financing statement include the location of livestock. We then clearly stated in dictum:

> "Certainly the erroneous description would be insufficient to impart constructive notice as to a claimed security interest in crops . . . ."

183 N.W.2d at 730.

The trial court correctly applied the Iowa Commercial Code to the undisputed facts in this case. The cooperative did not have constructive notice of the bank's claimed security interest in crops on land other than that specifically described in the instruments it filed with the Secretary of State.

AFFIRMED.

All Justices concur except LARSON, HARRIS, McCORMICK, and McGIVERIN, JJ., who dissent.

LARSON, Justice (dissenting).

The effect of the majority opinion is to exalt form over substance. While acknowledging that the purpose of the section 554.-9402(1) description is to aid purchasers and third-party creditors in identifying the secured crops, J. White & R. Summers, *Handbook of the Law Under the Uniform Commercial Code* § 23–16 at 964 (2d ed. 1980), and that the Iowa cases and Code Comments place "inquiry" responsibility on purchasers and third-party creditors, the majority absolves the purchaser here of any responsibility. Finding the description not to signal a need for *further* inquiry, the majority ignores the prior question of the need for *any* inquiry.

To protect itself from the claims of secured creditors, the cooperative here was entitled to rely on the description of the collateral in the financing statement. Checking with the Secretary of State's filings, the cooperative could have found that crops belonging to Francis and raised on a certain parcel of land were encumbered. This would have put it on inquiry, and this is all that is required here.

> The notice itself indicates merely that the secured party who has filed may have a security interest in the collateral described. Further inquiry from the parties concerned will be necessary to disclose the complete state of affairs.

Official Comment to Iowa Code section 554.9402. *See* J. White & R. Summers, *supra*, at 961 and *U.S. v. Big Z Warehouse*, 311 F.Supp. 283, 285 (S.D.Ga.1970) ("Further inquiry by another party is necessary to disclose the complete state of affairs.") It is important to note that the filings in the Secretary's office are by name, not land description. Armed with the knowledge that Francis had encumbered grain, the cooperative's only logical next step would be to ascertain whether the grain Francis was offering to sell came off the described land.

Such an inquiry would have revealed immediately the error, enabling the cooperative to make an accurate identification. Thus, the error in this case was not misleading as a matter of law and should not defeat the security interest absent a showing of prejudice. *See Still Associates, Inc. v. Murphy*, 358 Mass. 760, 267 N.E.2d 217 (1971).

The majority claims "the cooperative was not put on further inquiry because the description itself specifically defined and delineated the location of encumbered crops." 342 N.W.2d at 471. But I cannot see how the presence of a specific, if flawed, description absolves the purchaser of all inquiry responsibility. The purchaser here should at a minimum be required to try to ascertain whether the grain was grown on the described land.

Throughout the majority's opinion runs the implication that other crops were somehow encumbered, so as to distinguish the

case from those where a less precise description was held not to void the encumbrance. E.g., *Big Z Warehouse*, 311 F.Supp. 283. The majority admits that in the latter case a third person would be expected to make an inquiry "to learn precisely what crops were encumbered." 342 N.W.2d at 471. This conclusion is logical because when a wagon or truck load of grain arrives at the elevator there is no way to know from where it came without asking. But why is the cooperative excused from making that inquiry in the instant case? By what clairvoyant means did it know this grain had not been grown on either section 24 or 25?

The only function of the land description here, it is to be remembered, is to *aid* in the identification of the crops. U.L.A. Uniform Commercial Code, Vol. 3A at 51 (1981). The majority may be unconsciously relying on traditional real estate law doctrines under which the description *is* the identification.

The two Iowa cases relied upon by the majority are not directly relevant. In *First State Bank of Nora Springs v. Waychus*, 183 N.W.2d 728 (Iowa 1971), an erroneous real estate description did not prevent the enforcement of the security interest in hogs because no description is required to perfect a security interest in livestock. The dictum from this case quoted by the majority, 342 N.W.2d at 472, is dictum come uncomfortably home to roost. "Courts do not weary of cautioning counsel to distinguish dictum from decision. They must heed their own warnings." *Smith v. Hedges*, 223 N.Y. 176, 184, 119 N.E. 396, 399 (1918) (Cardozo, J., dissenting).

The security interest in crops in the other case, *In re Estate of Voelker*, 252 N.W.2d 400 (Iowa 1977), was found not to have been perfected because the security instrument contained no land description whatsoever. With no description, no identification of the crops in question was possible.

But ours is not a case of lack of a description or of one overly broad; here the problem is mistake. This case more closely resembles those where a description misidentified collateral by a one or two digit error in a serial number. Courts there have typically upheld the security interest. *E.g., Matter of Vintage Press, Inc.*, 552 F.Supp. 1145 (5th Cir.1977) (incorrect serial number on a printing press); *Matter of Delta Molded Products, Inc.*, 416 F.Supp. 938, 941–42 (N.D.Ala.1976) (molding machine serial number C4424 instead of C4239; with other, accurate, information); *Still Associates, Inc. v. Murphy*, 358 Mass. 760, 267 N.E.2d 217 (1971) (mistake in last digit of serial number where truck also described by year, number of cylinders, and model); *City Bank and Trust Co. v. Warthen Service Co.*, 91 Nev. 293, 295–297, 535 P.2d 162, 163–65 (1975) (Buick Wildcat serial number 66670X111904 instead of 466670X111904); *Bank of North America v. Bank of Nutley*, 94 N.J.Super. 220, 227 A.2d 535 (1967) (one digit error in eleven-digit automobile serial number where also identified by year, model, and make); *Central National Bank and Trust Co. of Enid v. Community Bank and Trust Co. of Enid*, 528 P.2d 710 (Okl.1974) (one digit mistake in vehicle serial number)); *Appleway Leasing, Inc. v. Wilken*, 39 Or.App. 43, 591 P.2d 382 (1979) (tractor correctly described except that a nonexistent serial number was listed); *McGehee v. Exchange Bank and Trust Co.*, 561 S.W.2d 926 (Tex. Civ.App.1978) (correctly described make, length and serial number of boat; errors in model year, parts of engine numbers, and license registration number); and *Adams v. Nuffer*, 550 P.2d 181 (Utah 1976) (boat serial number listed as D.M.F.A. 0082 M–75L, when actually D.M.F.A. 0082 M–74L). In support, the Official Comment to section 554.9110 specifically rejects a "serial number" test. The majority distinguishes some of these cases because there was often other descriptive information that was accurate, and helped to identify the encumbered object. The same, of course, is true here, where the information was quite detailed and accurate except for one digit.

The majority claims this case "is different because nothing on the face of the bank's land description suggested that

**474**

crops located elsewhere were encumbered." 342 N.W.2d at 471. But nor does anything on the face of the incorrect serial numbers suggest that other vehicles, machines, etc., were encumbered.

In these and in the instant case, an erroneous description may accurately describe a similar machine, vehicle, crop, etc., but not the one intended. As a result, however, a third party (in this case the cooperative) which is also unaware of the error, is not misled into concluding that the machine, vehicle, crop, etc., actually intended is *not* encumbered. Thus, the purpose of the description requirement, identification, would not be served by a finding of no perfection and unenforceability.

There is no hint that the cooperative was misled in any way. Neither does it appear that the mistake was the kind that would tend to inhibit the cooperative from ascertaining the actual facts. No matter how diligent the typist and proofreader, clerical errors are bound to creep in from time to time. It even happens in judicial opinions. When they occur in cases such as this, courts should prevent unjust enrichment from being the result. As it stands, this decision hands a pure windfall to the cooperative and defeats the reasonable expectations and reliance of the lender.

I cannot agree with the conclusion of the trial court, and the majority, that the financing statement and security agreement did not meet the requirements of the statute. I would reverse and remand.

HARRIS, McCORMICK, and McGIVERIN, JJ., join in this dissent.