In re Hubert Wayne DeSCHAMP and Mary Jane DeSchamp, Debtors.

**CENTRAL IOWA PRODUCTION CREDIT ASSOCIATION, Plaintiff,**

v.

**Hubert Wayne DeSCHAMP and Mary Jane DeSchamp, Defendants.**

**Bankruptcy No. 82–00251. Adv. No. 84–0344C.**

United States Bankruptcy Court, N.D. Iowa.

Nov. 23, 1984.

Larry G. Gutz and Eric W. Lam, Cedar Rapids, Iowa, for Central Iowa Production Credit Association.

Harry R. Terpstra, Cedar Rapids, Iowa, for debtors-in-possession.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER DENYING SECURED STATUS OF PROPERTY, WITH MEMORANDUM

WILLIAM W. THINNES, Bankruptcy Judge.

This case was submitted to the Court on the written pleadings, a joint stipulation of facts, and briefs.

The case before the Court involves the determination of the validity of PCA's security interest in the construction equipment owned by the Debtors-in-Possession. On March 20, 1981, the Debtors and PCA entered into a Security Agreement which specifically listed the following construction equipment:

1976 Fiat-AC Bulldozer 11B
1977 AC 11B Bulldozer
1963 AC 11E Bulldozer
2 Bucyrus Arie Scrapers
Misc. Tools and Equipment
Tiler
2 Tile Movers
JD Backhoe and Loader
Pickup

The Security Agreement also listed other property in which PCA claimed a security interest.

On March 27, 1979, a financing statement was filed with the Secretary of State. The financing statement provided boxes followed by descriptions of property similar to the following

- [x] All of Debtor's livestock
  - [x] Grain on Hand
- [x] All of the Debtor's feed for livestock
- [x] All of the Debtor's farm and ranch machinery and equipment
- [x] All of the Debtor's crops now growing or hereafter to be grown
- [x] Other; (Describe and attach separate list if necessary) All proceeds and property owned or to be acquired.

PCA's financing statement had "x's" in the boxes as shown above. The financing statement was filed under the name DeSCHAMP CONSTRUCTION. It was signed by Hubert DeSchamp for DeSchamp Construction, and Hubert DeSchamp and by Mary Jane DeSchamp individually.

The Debtors are engaged in farming as well as tiling and earth moving. The Debtors use the listed equipment approximately 1.49 percent of the time for their farming operation and 98.51 percent for their tiling and earth moving business.

The equipment was acquired between 1975 and 1981 at a total purchase price of approximately $160,000.00. The following items were acquired by the Debtors with funds from PCA:

| April 30, 1980 | 500A Backhoe | $ 8,500.00 |
| March 29, 1980 | 600C Vermeer Tiler | 29,000.00 |
| Date undetermined | 2 homemade tile movers | 2,500.00 |

The Debtors first borrowed money from PCA in March of 1979. PCA claims that the funds advanced at that time were used to retire existing indebtedness on all of the

equipment except the Backhoe, the Vermeer Tiler, the tile movers and the pickup. The Debtors contend that except for the tiler, the backhoe and the tile movers, the balance of the equipment and the pickup were purchased from other funds of the Debtors.

PCA has not noted its lien upon the title to the pickup truck in question. Said pickup is in the possession of the Debtors.

Having considered the foregoing facts, and the briefs of the parties the Court now issues the following Conclusions of Law, Order and Memorandum.

## CONCLUSIONS OF LAW

1. PCA has failed to perfect its claimed security interest in the pickup because it did not perfect its lien by having it listed on the Title as is required by §§ 321.24 and 321.50 Code of Iowa (1983).

2. The language "All of the Debtor's farm and ranch machinery and equipment" as utilized on the Financing Statement filed by PCA limits the effect of PCA's security interest to farm equipment and does not encompass construction equipment. §§ 554.9110, 554.9402(1) Code of Iowa (1983).

3. The language in the financing statement "All proceeds and property owned or to be acquired" does not sufficiently indicate any type of collateral such that the public would be put on inquiry notice as to the claimed security interest of PCA in the Debtors' construction equipment. §§ 554.-9110 and 554.9402(1) Code of Iowa (1983).

## ORDER

IT IS HEREBY ORDERED that Central Iowa Production Credit Association does not have a valid security interest in any of the property which is the subject of this action.

## MEMORANDUM

### Perfection in Motor Vehicles

█ PCA claims a perfected security interest in a pickup truck owned by the Debt-

ors. The perfection and validity of security interests are determined pursuant to state law given that no federal law exists regarding perfection of security interests. *See, Erie v. Thompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188, 1193 (1938).

The Iowa Code provides that a financing statement is necessary to perfect a security interest in vehicle required to be registered. § 554.9302(3)(b) Code of Iowa (1983). The Iowa Code further provides with respect to the perfection of security interests in motor vehicles that

A security interest in a vehicle subject to registration under the laws of this state ... is perfected by the delivery to the county treasurer of the county where the certificate of title was issued ... an application for notation of security interest signed by the owner ... Delivery as provided in this subsection shall be deemed to be indication of a security interest on a certificate of title for purposes of chapter 554. (Uniform Commercial Code). § 321.50(1) Code of Iowa (1983)

█ There is no dispute that the claimed security interest of PCA is not noted on the title of the pickup. Therefore, this Court concludes that PCA does not have a perfected security interest in the pickup truck owned by the Debtors.

### Sufficiency of the Financing Statement Description

The Iowa Code provides guidance as to the sufficiency of descriptions of property in financing statements. § 554.9110, Code of Iowa (1983). Section 554.9110 provides:

Sufficiency of description. For the purposes of this Article any description of personal property or real estate is sufficient whether or not it is specific *if it reasonably identifies what is described.* (Emphasis supplied).

The Code also provides a definition of "equipment" which states:

Goods are 'equipment' if they are used or bought for use primarily in business ... § 554.9109 Code of Iowa (1983)

The final Code provisions regarding the requisites of the financing statement are set forth in §§ 554.9402(1) and (8) which provide:

A financing statement is sufficient if it gives the names of the debtor and the secured party, is signed by the debtor, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral.... § 554.9402(1) Code of Iowa (1983).

PCA cites § 554.9402(8) as being a curative of any defects in its financing statement. Section 554.9402(8) provides:

[a] financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading.

The Iowa Supreme Court has held that "the test of the sufficiency of a description of properties is that the description does the job assigned to it—that it makes possible the identification of the thing described." *First State Bank of Nora Springs v. Waychus,* 183 N.W.2d 728, 730 (Iowa 1971). *Accord First National Bank in Creston v. Francis,* 342 N.W.2d 468, 471 (Iowa 1984).

■ Applying the case law and the statutes cited above to the case *sub judice* this Court concludes that the description in the financing statement is seriously misleading. Therefore the description is not sufficient to perfect PCA's claimed security in the construction equipment heretofore described. The financing statement is filed under the name DESCHAMP CONSTRUCTION. While it is reasonable to assume that a construction company would possess the type of equipment listed on the security agreement, the financing statement is seriously misleading due to the limiting adjectives used by PCA. PCA chose the form of financing statement which provided the following with respect to equipment: "All of the Debtor's farm and ranch machinery and equipment." PCA chose to utilize the limiting adjectives "farm and ranch" which modify the terms "machinery and equipment." The inclusion of the limiting adjectives leads to the conclusion that the only types of machinery and equipment covered by PCA's security interest are "farm and ranch" machinery and equipment. All other types of machinery and equipment are excluded by PCA's unfortunate choice of terms utilized in the financing statement.

In addition to the limiting adjectives the Court notes that the financing statement is seriously misleading in several other respects: first, PCA is primarily an agricultural lender. Second, the financing statement is clearly a form used for agricultural lending. Third, the Court notes that the lender generally prepares the necessary documents for the signature of the borrower. Fourth, the Court notes that the financing statement form utilized in this case is identical to the financing statement form used by PCA in numerous other cases before this Court involving agricultural loans.

■ The Court has no reason to believe that the Debtors prepared the financing statement. Whenever a financing statement which allows specific types of collateral to be checked or "x'ed" to indicate a claimed security interest the lender is at risk if an inappropriate form is chosen or appropriate alterations are not made to avoid misleading third parties. PCA had every opportunity to adequately notify others of its claimed security interest in the construction equipment. For example: PCA could have "x'ed" out the limiting adjectives "farm and ranch"; or, PCA could have listed construction equipment under the other box which was "x'ed"; or, PCA could have chosen to utilize a financing statement which more clearly identified the types of collateral in which it claimed a security interest.

The four corners of the financing statement belie any conclusion that third parties would be put on inquiry notice that PCA claimed any security interest in the DeSchamp Construction's construction equipment. Therefore, this Court concludes that the statement "All of the Debtor's farm and ranch equipment" did not suffice to

give PCA a perfected security interest in the enumerated equipment.

 PCA's contention that the words "All proceeds and property owned or to be acquired" grant it a security interest in the construction equipment is untenable. Such catch-all language does not identify the types of property in which PCA claims a security interest and therefore does not meet even the minimal requirements for sufficiency found in Section 554.9110 Code of Iowa (1983). The Court in *Mammoth Cave Production Credit Association v. York*, 429 S.W.2d 26, 29, 5 UCC Rep.Serv. 11, 16 (Kty Ct.App.1968), stated "[t]he very purpose of a description is to separate this particular property from all others of like kind." This Court agrees with the conclusion reached by the Court in *Mammoth* that "[t]he description is studiously designed to cover everything and describe nothing." 429 S.W.2d at 29, 5 UCC Rep. Serv. at 16. Therefore, this Court is compelled to conclude that the description on the financing statement filed by PCA is insufficient to perfect a security interest in the construction equipment.

This Court has entered an Order in accordance with this Memorandum.