# IN THE COURT OF APPEALS OF IOWA

No. 14-0922
Filed March 11, 2015

**JANE DICKEY,**
       Intervenor-Appellee,

**vs.**

**BRENDA HELMERS, Administrator**
**of the Estate of Brian L. Helmers,**
       Respondent-Appellant.
_____

Appeal from the Iowa District Court for Humboldt County, Gary L. McMinimee, Judge.

Administrator of husband's estate appeals from the order allowing a claim against the estate. **AFFIRMED.**

James L. Kramer of Johnson, Kramer, Good, Mulholland, Cochrane & Driscoll, P.L.C., Fort Dodge, for appellant.

Sara A. Reindl of Reindl Law Firm, Mason City, for appellee.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

Brenda Helmers, as administrator of the estate of Brian Helmers, appeals from the district court's order allowing Jane Dickey's claim against the estate. The district court found that Dickey and Brian entered into an oral agreement in which Dickey agreed to loan Brian $152,000 to construct a building on land Brian owned and Brian agreed to repay the loan after the building was completed. On appeal, Brenda contends Dickey failed to prove the money advanced was a loan rather than a gift.

Claims in probate are triable at law. *See In re Estate of Voelker*, 252 N.W.2d 400, 402 (Iowa 1977). We review the district court's order for correction of errors of law. *See* Iowa R. App. P. 6.907. We are bound by the trial court's findings of fact provided they are supported by substantial evidence. *See In re Estate of Crabtree*, 550 N.W.2d 168, 170 (Iowa 1996). Evidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion. "In determining whether substantial evidence exists, we view the evidence in the light most favorable to the district court's judgment." *Chrysler Fin. Co. v. Bergstrom*, 703 N.W.2d 415, 418 (Iowa 2005).

Upon review of the record, when the evidence is viewed in the light most favorable to the district court's judgment, we conclude the district court's findings are supported by substantial evidence, and its conclusions of law are not erroneous. Dickey testified as to the loan agreement. The amount loaned was evidenced by cancelled checks from Dickey to Brian in the amount of $92,000 and $60,000. Brian used the money to construct a building. The loan was not

3

repaid prior to the time of Brian's death.  There is no evidence to the contrary. We affirm the judgment of the district court without further opinion.  *See* Iowa Ct. R. 21.26(a), (b), (d), and (e); *see also Mosebach v. Blythe*, 282 N.W.2d 755, 761 (Iowa 1979) ("Whether a transaction is a loan is a question of fact."); *In re Estate of Warfield*, No. 00-0740, 2001 WL 246386, at *4 (Iowa Ct. App. Mar. 14, 2001) (affirming allowance of claim based on oral loan agreement).

**AFFIRMED.**