**SECURITY STATE BANK OF WEWOKA, Oklahoma, a corporation, Appellant,**

v.

**Dick DOOLEY, Marnella Dooley, Vilas Murphy, Charles Padgett Chevrolet Co. and Marion Fenton Pontiac of Ada, Oklahoma, Appellees.**

No. 51667.

Court of Appeals of Oklahoma, Div. No. 1.

Oct. 30, 1979.

Released for Publication by Order of Court of Appeals Nov. 29, 1979.

Raymond Criswell, Wewoka, for appellant.

Jack A. Mattingly, Seminole, for appellee Vilas Murphy.

Fred Gipson, Seminole, for appellees Charles Padgett Chevrolet and Marion Fenton Pontiac of Ada, Oklahoma.

BOX, Judge:

An appeal by the Security State Bank of Wewoka, plaintiff in the action below, from an order of the trial court sustaining the demurrers to the evidence of the defendants Vilas Murphy, Charles Padgett Chevrolet Co., and Marion Fenton Pontiac of Ada.

This action began as a suit on four promissory notes and for replevin against the original defendants, Dick and Marnella Dooley. The Dooleys went bankrupt, however, and the Bank amended its petition to seek damages from the other three defendants for the conversion of one of the items of collateral, a 1972 Ford ½-ton pickup truck, serial F10–YKN 00979. In essence, the amended petition alleged that each of the three new defendants converted it by purchasing it (in the order named above) without satisfying the outstanding security interest.

The action was tried to the court, and after the plaintiff's case (reopened once) the defendants demurred to the evidence. The trial court sustained the demurrers on two grounds: (1) that the financing statement contained an insufficient description of the collateral, and (2) that the Bank failed to prove that the Dooleys had any rights in the collateral at the time the security agreement was executed. The Bank now brings this appeal.

We will consider first the financing statement. Though the security agreement specifically described the pickup truck, all the financing statement said was "Pickup truck." Yet we find that that was enough. 12A O.S.1971, § 9–110 provides:

> For the purposes of this Article any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described.

The idea behind Code filing is to give notice to an interested party so that he can inquire further. The official Code comment to section 9–110, 12A O.S.A. § 9–110, U.C.C. Comment, states:

> The test of sufficiency of a description laid down by this Section is that the description do the job assigned to it—that it make possible the identification of the thing described. Under this rule courts should refuse to follow the holdings, of-

ten found in the older chattel mortgage cases, that descriptions are insufficient unless they are of the most exact and detailed nature, the so-called "serial number" test.

The language quoted here from the Code comment was also quoted and followed by the Oklahoma Supreme Court in *Central National Bank & Trust Co. v. Community Bank & Trust Co.*, 528 P.2d 710, 712.

■ The financing statement need not be specific; it is enough to indicate the type of collateral covered. 12A O.S.1971, § 9–402(1) provides in part:

A financing statement is sufficient if it is signed by the debtor and the secured party, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the *types*, or describing the items, of collateral. [Emphasis added.]

The official comment to this section, 12A O.S.A. § 9–402, U.C.C. Comment 1, says:

Subsection (1) sets out the simple formal requisites of a financing statement under this Article. These requirements are: (1) signatures and addresses of both parties; (2) a description of the collateral by *type* or item. [Emphasis added.]

"Pickup truck" is certainly a type of collateral, and it is as sufficient to perfect a security interest in the particular pickup involved in this case as the terms "All equipment" and "All . . . cash registers" were to perfect security interests in a particular adding machine and a particular cash register in *American National Bank & Trust Co. v. National Cash Register Co.*, Okl., 473 P.2d 234. And the fact that the Dooleys had two pickups does not change the result. In the *American National Bank & Trust Co.* case, the debtor had more than one adding machine and more than one cash register at the time the security agreements were executed. Also, in a case from one of our United States District Courts, Bankruptcy Judge David A. Kline held that the

description "2nd auto" was sufficient notice to perfect a security interest in a particular car when the debtor owned three. *In re Thomas*, 6 U.C.C. Rep.Serv. 976, 978 (W.D. Okla.1969). We therefore hold that the description of the pickup truck in the financing statement filed by the Bank in this case was sufficient.

We turn next to the question of the Bank's proof that the Dooleys had rights in the collateral at the time the security agreement was executed. The defendants contend that the Bank did not prove this and therefore did not make out a prima facie case.

■ In order to prevail in this case, the Bank must have had a perfected security interest. To be perfected, the security interest must have attached. 12A O.S.1971, § 9–303(1). And there can be no attachment unless the debtor has rights in the collateral. 12A O.S.1971, § 9–204(1). All the Bank could show was that Mr. Dooley represented that he owned the pickup and that he executed a security agreement and financing statement covering it. Nevertheless, we find that this evidence was sufficient for the Bank to establish its prima facie case and withstand a demurrer to the evidence.

Our search for authority on this point in a conversion action by the secured party under the Uniform Commercial Code has led us to an Oregon case which we find persuasive. In *Baker Production Credit Association v. Long Creek Meat Co.*, 266 Or. 643, 513 P.2d 1129 (1973) (in banc), the defendant argued that the plaintiff failed to prove that the debtor owed the plaintiff a debt, which would have had the same significance as the debtor not having rights in the collateral. *See* 12A O.S.1971, § 9–204(1) (value must be given for there to be attachment). The plaintiff had introduced notes and testimony that a balance was still due, and the Supreme Court of Oregon held that the evidence was sufficient to support the trial court's judgment for the plaintiff. 266 Or. at 657, 513 P.2d at 1135. Similarly,

we hold that the Bank put on enough evidence in this case to withstand a demurrer. The Bank having made out a prima facie case, the defendants must next assume the burden of rebutting the Bank's evidence. If they are able to do this, as they say in their brief they can, the Bank then must go forward with the evidence.

For the reasons stated above, we find the sustaining of the defendants' demurrers to be error. Accordingly, the order of the trial court is reversed and the cause is remanded for a new trial.

REVERSED AND REMANDED.

ROMANG, P. J., and REYNOLDS, J., concur.