**STRICK CORPORATION, Plaintiff,**

v.

**ELDO–CRAFT BOAT CO., INC., Defendant.**

No. ED–76–41–C.

United States District Court,
W. D. Arkansas,
El Dorado Division.

Oct. 12, 1979.

---

Ian W. Vickery, Nolan, Alderson & Vickery, El Dorado, Ark., for plaintiff.

William I. Prewett, Brown, Compton & Prewett, El Dorado, Ark., for defendant.

## MEMORANDUM OPINION

OREN HARRIS, Senior District Judge.

This diversity action was commenced by the filing of a complaint wherein plaintiff, Strick Corporation, which is a corporation created under the laws of the State of Pennsylvania, with principal offices in Fairless Hills, Pennsylvania, alleged that plaintiff had sold to Hubler Rentals, Inc., a number of trailers designed for the transportation of boats, that plaintiff had retained a security interest in the said trailers, and had perfected its security interest by filing financing statements and by causing the certificates of title to such trailers issued by the State of New Jersey to note on its face said lien, in compliance with the motor vehicle certificate of title laws of that State.

It is further alleged that three of the said trailers were brought by Hubler Rentals to the State of Arkansas, that the three trailers are in the possession of defendant, Eldo-Craft Boat Company, Inc., a corporation organized pursuant to the laws of the State of Arkansas, with principal offices at Smackover, Union County, Arkansas. Certificates of registration, designated "non-negotiable", commonly called non-title registration, were obtained in the name of Eldo-Craft.

It is further alleged that Hubler Rentals, Inc., was adjudged a bankrupt by the District Court for the Eastern District of Pennsylvania and that plaintiff, under a claim as a secured creditor, was granted title free and clear of bankruptcy through such proceedings, as it was found that some $18,434.13 was owed by Hubler Rentals to the plaintiff which was due and unpaid and secured by plaintiff's perfected security interest in the three trailers with which this litigation is concerned. New Jersey title certificates were then issued to plaintiff as evidence of its title acquired pursuant to the bankruptcy proceedings.

The complaint further alleges that defendant is in possession of the said three trailers, that plaintiff is the owner, that defendant refuses to deliver up possession, and replevin of said trailers is sought, together with $1,500 for the wrongful detention thereof and the costs of this action. Alternatively, plaintiff prays judgment for $18,434.13 money judgment.

Defendant, Eldo-Craft, admits that it is in possession of the three trailers, alleging that it paid a valuable consideration therefor to Hubler Rentals, Inc., and that it has had said trailers in its possession for some three years, denies the remaining allegations of the complaint, and denies that plaintiff is entitled to the relief sought herein. It is further contended that the three year statute of limitations set out in Ark.Stats.Ann. § 37–206 bars this action.

Pursuant to regular setting, this cause was tried to the Court, without the intervention of a jury, on June 22, 1979. Evidence was heard and received, the parties rested, and the matter was taken under advisement pending the filing of briefs by counsel. All briefs have now been received and the matter is submitted for determination.

From the pleadings, testimony, exhibits, and in consideration of the contentions of counsel in their briefs and the citations of authority contained therein, the Court makes the following findings of fact and conclusions of law, which are incorporated herein pursuant to Rule 52, F.R.C.P:

■ Strick Corporation was organized pursuant to the laws of the State of Pennsylvania, has its principal offices in that

State, and is a corporate citizen of the State of Pennsylvania. Eldo-Craft Boat Company, Inc., was organized under the laws of the State of Arkansas and has its principal offices within the Western District of Arkansas. It is a corporate citizen of the State of Arkansas. The amount in controversy exceeds $10,000.00, exclusive of costs and interest. This Court, therefore, has jurisdiction of this cause, pursuant to 28 U.S.C. § 1332.

By Time Sale Contract and Security Agreement dated May 30, 1973, Strick Corporation sold 44 individually identified trailers to Hubler Rentals, Inc., (Plaintiff's Exhibit No. 2). Among the 44 were Troyler manufactured trailers with VIN 73C813, 73C824 and 73C816, manufacturer's serial numbers. These trailers were listed and identified on the Security Agreement. Filings pursuant to the Uniform Commercial Code, in effect in New Jersey and Pennsylvania, were made at the filing locations pursuant to the requirements of the UCC.

Certificates of Ownership of a Motor Vehicle as to each of the three trailers were issued by the Division of Motor Vehicles, State of New Jersey on June 27, 1973, upon the face of which was noted Strick Corporation as the secured party, pursuant to Revised Statutes of New Jersey, Title 39, Chapter 10 (Plaintiff's Exhibit No. 3).

The three trailers, it may be inferred, were apparently transported from the State of New Jersey to the State of Arkansas at some date prior to August 1, 1973, as "Non-Negotiable Registration" certificates issued on that date from the Arkansas Revenue Department in connection with issuance of Arkansas trailer licenses. There is no further evidence in the record, such as "Vehicle Movement Reports", which indicate on what date the trailers left New Jersey or arrived in Arkansas. From the evidence, the Court cannot determine whether the trailers were present in New Jersey June 27, 1973.

It was clearly contemplated by both Strick Corporation and Hubler Rentals that the trailers involved were to be moved from the State of New Jersey, to be kept at locations outside that state for rental or sale purposes. This is evidenced by the filing of U.C.C. notices of the security interest in several jurisdictions where Hubler was known to have major terminals.

From the Modification of the security agreement (Plaintiff's Exhibit No. 5) the Court infers that 18 of the original 44 trailers were sold with knowledge of Strick and the debt as to such trailers paid prior to August 17, 1973. On the basis of such sales, the sales of the three trailers involved in this action, the routinely kept Vehicle Movement Report form (Defendant's Exhibit No. 5) whereon a blank is provided to indicate whether the unit was transferred for rental or sale, the Court finds that Hubler Rentals was in its usual and regular course of business in either renting, leasing or selling trailers, and that such was known to plaintiff.

On December 26, 1973, defendant Eldo-Craft purchased the three trailers in question by cashier's check in the sum of $13,500 made payable to Hubler Rentals, Inc., receiving a Bill of Sale from Hubler's local manager at its lot located at Monticello, Arkansas, and also received the "Non-Negotiable Registration" certificates as to the trailers which had been issued by the State of Arkansas. These certificates (Defendant's Exhibit No. 2) showed on their face that they did not purport to be evidence of title to the trailers, but also showed in the place where liens or security interests were to be noted "None".

According to the evidence, defendant had not previously purchased any commercially manufactured trailers for the transportation of the boats which it manufactured, but had constructed its own trailers. Defendant had obtained Arkansas trailer licenses for such trailers by similar "Non-Title Registration" (Defendant's Exhibit No. 9) and was ignorant of the fact that Manufacturer's Certificates of Origin and Title Certificates were required for trailers in the same manner as other motor vehicles, both by the New Jersey statute cited and by the laws of Arkansas, Ark.Stats.Ann. § 75–101 et seq.

On December 28, 1973, Eldo-Craft took possession of the trailers at Monticello, Arkansas (Defendant's Exhibit Nos. 5, 6, 7). No Arkansas Title was sought or issued. No Title Certificate was delivered by Hubler Rentals to defendant. Apparently Hubler Rentals failed to notify plaintiff of this sale, as it had the others, and failed to obtain a release of the security interest perfected in Pennsylvania and New Jersey or a release of the same as shown on the New Jersey Title Certificates.

Eldo-Craft licensed the vehicles in its name by the non-title registrations as aforesaid and operated the trailers for some three years, without any problem or interference with its possession and assumption of ownership. Defendant paid substantial sums for modifications, repairs and replacement of tires on the trailers.

Plaintiff did not, within four months after the three trailers were brought into the State of Arkansas, make any attempt to perfect its security interest in the trailers by filing any notice thereof with either the Secretary of State or the Commissioner of Revenues or the Circuit Clerk of Drew County, Arkansas (the county in which Monticello is located).

In April, 1976, Eldo-Craft learned of a potential or claimed security interest of Strick and sent a copy of the cancelled cashier's check and bill of sale documenting the transaction with Hubler Rentals. Eldo-Craft asked that the titles to the trailers be forwarded.

On May 27, 1976, after receiving permission by an Order of abandonment from the Bankruptcy Judge, plaintiff received Certificates of Title issued by the State of New Jersey to the three trailers, made to Strick Corporation as owner.

On September 7, 1976, plaintiff sold for cash to Monark Boat Company of Monticello, Arkansas, 16 Troyler Boat Trailers, bearing serial numbers indicating that they were among the 44 purchased with the three trailers involved here, comparable to these trailers, for a price of $71,170, a unit price of some $4,440 per trailer. Eldo-Craft had paid a unit price of some $4,500 per trailer for the three it purchased some three years before. There was evidence that the trailers were purchased new at a unit price of $7,369. There was no evidence that Eldo-Craft had any knowledge of the price of new or used boat trailers.

Ark.Stats.Ann. § 75–102 includes a trailer as a "vehicle", § 75–104 defines "trailer" and "semitrailer", § 75–106 defines "foreign vehicle", § 75–132 provides that trailers and semitrailers are subject to the registration and certificate of title provisions of the Act, § 75–133.1 provides for the form and content of applications for registration and certificate of title, § 75–134 specifies the requirements for registration of foreign vehicles, § 75–136 sets out grounds for refusal of registration or certificate of title, § 75–139 provides for the form of and issuance of registration certificates and certificates of title, § 75–148(d) provides the method of assignment of title, § 75–149 requires the purchaser to obtain new registration and certificate of title, § 75–160 provides for the filing of liens and specifies the requirements and effect of non-filing and § 75–161 provides for the effect of such filing as notice.

■ The Court concludes that the three trailers were within the statutory definition of vehicles subject to the Certificate of Title and Registration statutes referred to above. They were, having come into this State from the State of New Jersey, "foreign vehicles". The security interest created by the Time Sale Contract and Security Agreement (Plaintiff's Exhibit No. 1) attached on May 30, 1973, at a time when, the Court finds, the trailers were situated in the State of New Jersey. They were subject to that security interest when they were brought into the State of Arkansas at some time prior to August 1, 1973.

Under the provisions of Ark.Stats.Ann. § 75–160(c), if a vehicle is subject to a security interest when brought into this State, the validity of the security interest is determined by the law of the jurisdiction where the vehicle was when the security interest attached, provided that, if the se-

curity interest was perfected under the law of the state where the vehicle was when the security interest attached, and if the name of the lien holder is shown on an existing certificate of title issued by that state, the security interest continues to be perfected in this state, without further steps on the part of the secured party.

■ The trailers in question having been manufactured in New Jersey and delivery inferably having been taken in New Jersey, the Court concludes that the trailers were in New Jersey when the security interest attached. The law of New Jersey, therefore, is to be applied pursuant to Ark.Stats. Ann. § 75–160(c), as it is the jurisdiction where the vehicles were located when the security interest attached pursuant to the Time Sale Contract and Security Agreement of May 30, 1973 (Plaintiff's Exhibit No. 2).

■ Under that statute, when the jurisdiction where the vehicle was located *when the security interest attached* has issued a certificate of title showing on its face the name of the secured party the security interest is perfected, and continues to be perfected in Arkansas, without further steps on the part of the secured party. It is thus immaterial where the trailers were located at the time of the issuance of the certificates of title.

It is contended by Eldo-Craft that Ark. Stats.Ann. § 85–9–103 should be applied to require a perfection of the security interest in Arkansas within four months after the trailers had been brought into this state. Section (2) of the statute, a part of the Uniform Commercial Code, including 1973 amendments, applies to goods covered by a certificate of title issued by another state under the law of which indication of a security interest on the certificate is required as a condition of perfection. New Jersey is such a state, and had issued such a certificate of title as to the three trailers, indicating the security interest of plaintiff. The 1973 amendment to the statute eliminated U.C.C. Sections 9–103(3), (4) which would have required the security interest to have been perfected at the time of entry

into this state and provided for the perfection to continue only for four months. (See *Associates Realty Credit Limited v. Brune,* 89 Wash.2d 6, 568 P.2d 787 (1977); *Arrow Ford, Inc. v. Western Landscape Const. Co., Inc.,* 23 Ariz.App. 281, 532 P.2d 553 (1975); *IAC, Ltd. v. Princeton Porsche-Audi,* 75 N.J. 379, 382 A.2d 1125 (1977) and cases cited therein.)

The Arkansas statute included the enactment in 1973 of what are referred to as the "1972 amendments" to the U.C.C. and provides, as pertinent:

"(2) Certificates of title. (a) This subsection applies to goods covered by a certificate of title issued under a statute . . of another jurisdiction under the law of which indication of a security interest on the certificate is required as a condition of perfection. (b) Except as otherwise provided in this subsection, perfection and the effect of perfection or nonperfection of the security interest are governed by the law (including the conflict of laws rules) of the jurisdiction issuing the certificate until four [4] months after the goods are removed from that jurisdiction *and thereafter* until the goods are registered in another jurisdiction, but in any event not beyond surrender of the certificate . . ." Ark.Stats.Ann. § 85–9–103.

■ It is the opinion of this Court that the section just quoted continues in force the perfection of a security interest noted on a foreign certificate of title until a certificate has been issued by another jurisdiction. The New Jersey certificates of title as to the three trailers had not been surrendered and no certificate of title thereto had been issued by Arkansas or any other jurisdiction except New Jersey. When this section speaks of "registration", the Court construes the language to contemplate the issuance of an Arkansas title, not the procurement of a "non-negotiable", "non-title" registration in connection with the issuance of a vehicle license.

Ark.Stats.Ann. § 75–149 provides that the buyer of a vehicle (including a trailer or

semitrailer) shall apply for and obtain the registration thereof within ten (10) days, and shall at the same time present the certificate of title indorsed and assigned and make application for a new certificate of title. (But see *Com. Credit Corp. v. Assoc. Dis. Corp.*, 246 Ark. 118, 436 S.W.2d 809 (1969).

■ A harmonious reading of the provisions of Ark.Stats.Ann. § 75–101 et seq. and the Uniform Commercial Code, the pertinent part thereof codified as § 85–9–103(2), clearly demonstrates that it is the intention of the statutes to allow the security interest in a vehicle perfected in a state other than Arkansas by required notation on a certificate of title issued by that state to remain perfected in this state for a period of four (4) months, and so long thereafter as no certificate of title is issued by this state.

■ It was, under the statutes, the duty of Eldo-Craft to register the trailers and to seek the issuance of certificates of title in its name. Through asserted ignorance of the requirements of the statutes, this was not accomplished, and the New Jersey certificates, with the lien of plaintiff noted on their face, remained outstanding as the only record indicia of title. Had Eldo-Craft insisted on receiving certificates of title to the trailers, then Hubler Rentals would have been required to obtain releases of the lien of plaintiff in order to deliver good title. Plaintiff would have been able to protect its security interest in the proceeds of sale prior to releasing its lien, and the entire litigious proceeding might have been avoided.

■ Plaintiff had no duty to make any filing in Arkansas in order to perfect or re-perfect its security interest, as this interest continued to be perfected pursuant to both § 75–160(c) and § 85–9–103(2) of Arkansas Statutes Annotated. Nowhere in either section is there a requirement that the vehicles must have been physically present when the certificates of titles perfecting the security interest were issued, only that the vehicles must have been in that jurisdiction when the security interest

*attached* (as opposed to the date of perfection).

The Court, therefore, concludes that plaintiff is the owner of and entitled to possession of the three trailers pursuant to the proceedings of the Bankruptcy Court and the issuance of New Jersey certificates of title thereto.

■ Plaintiff contends that it is also entitled to money damages for wrongful detention of the trailers. The evidence is clear that Eldo-Craft purchased the trailers for cash from the owner, in utmost good faith, and without any knowledge of the security interest of plaintiff. The record is also clear that plaintiff had no right to possession of the trailers until May 27, 1976, when its security interest was translated into title and right to possession. Further, it is shown that Eldo-Craft maintained the vehicles, purchased tires, and generally protected the security interest of plaintiff, albeit unknowingly.

The status of the record is such that the Court concludes that the possession of the trailers by Eldo-Craft was in good faith, was obtained from the then owner for valuable consideration, and that plaintiff has sustained no damages thereby which it would not have sustained had the trailers been rented by Hubler Rentals as contemplated in the initial transaction. The record is further such that the Court could not calculate any such damages except through speculation and conjecture, in which the Court declines to engage.

Judgment will, therefore, be entered awarding possession of the three Troyler boat trailers, serial numbers 73C813, 73C816 and 73C824 to plaintiff, Strick Corporation together with the costs of this action. The complaint of plaintiff for an award of money damages for the detention thereof will be denied.