In the Matter of Randall L.
HRBEK, Debtor.

ASSOCIATES FINANCIAL SERVICES
COMPANY OF NEBRASKA,
INC., Plaintiff,

v.

Randall L. HRBEK, Defendant.

Bankruptcy No. BK80–1545.
Adv. No. A80–490.

United States Bankruptcy Court,
D. Nebraska.

March 25, 1982.

Dennis Arfmann, Gering, Neb., for plaintiff.

LeRoy Anderson, North Platte, Neb., for defendant.

C. G. Wallace, III, North Platte, Neb., Trustee.

## MEMORANDUM

DAVID L. CRAWFORD, Bankruptcy Judge.

The question before the court is the validity of a creditor's lien upon the debtor's motor vehicle. The parties have submitted the matter upon stipulation only, having waived oral argument. Unfortunately, it appears that the question cannot be answered on the facts as presented. An element is missing which is fatal to resolution of this proceeding.

The parties have stipulated that on January 25, 1979, Randall Hrbek, the defendant/debtor, purchased a 1979 Ford Bronco and executed a purchase money security agreement later assigned to Associates Financial Services (Associates). The vehicle was registered and titled in Cheyenne County, Nebraska. This title (Nebraska Title No. 39F7851) was surrendered to the Colorado Department of Motor Vehicles when the debtor, then a resident of that state, executed an application for title in Morgan County on April 16, 1979. Colorado Title No. E143039 was issued and mailed, pursuant to the debtor's request, to Associates.

Within three months, Associates applied for and was issued a substitute Colorado title, this one noting the purchase-money Associates' lien. The preexisting Colorado title was relinquished with that application, the new Colorado Title (No. E145358) being currently in Associates' possession.

On July 23, 1979, Mr. Hrbek applied for a duplicate of his original Nebraska title based upon his assertion of Nebraska residency. The notarized application for duplicate title which the debtor executed states that the original certificate or title was lost or destroyed and that the vehicle was not encumbered by any liens. The title, in fact, had been submitted to the Colorado Depart-

ment of Motor Vehicles as requisite to receipt of valid title in that state. Duplicate Nebraska title (No. 39C–0362), without notation of the Associates' lien, was issued on that same date.

The debtor, on August 6, 1979, transferred title to his relative without consideration. The Nebraska title resulting from that transfer similarly failed to note the Associates' security interest as did a subsequent duplicate title requested by and issued to Mr. Hrbek's brother.

On July 21, 1980, the date the debtor filed his bankruptcy petition, title to the vehicle was in debtor's relative. However, at the first meeting of creditors in September, the debtor agreed to turn the vehicle over to the trustee. Debtor's relative conveyed the vehicle back to debtor and the debtor received Nebraska Title No. 39F–1444e, which likewise did not reflect Associates' lien.

Because the vehicle was conveyed within one year of bankruptcy without consideration and without noting Associates' security interest on the numerous Nebraska certificates, the trustee would have been empowered to avoid the transfer under § 548 of the Bankruptcy Code. It appears from the stipulation that the parties have agreed that the vehicle is indeed part of the bankruptcy estate. At the least, the parties have stipulated that the debtor agreed to the turnover of the vehicle to the trustee who would upon verification of their lien status, deliver the vehicle to Associates. The trustee, however, now claims the vehicle to be free and clear of Associates' lien.

The validity of the security interest is governed by U.C.C. § 9–103(1)(a) and (b) which has been adopted by both Colorado and Nebraska. (Colo.Rev.Stat.Ann. § 4–9–103(1)(a), (b) and Neb.Rev.Stat.U.C.C. § 9–103(2)(b).) The applicable Nebraska statutes (Neb.Rev.Stat.U.C.C. 9–103 and 9–302) in effect when the vehicle was removed from Colorado to Nebraska were amended, effective July 19, 1980, before the debtor's filing. The result, however, is the same under either version.

U.C.C. Section 9–103(2) applies to goods covered by a certificate of title issued by a jurisdiction where the perfection of the security interest requires notation upon the certificate itself. Both Colorado and Nebraska are such jurisdictions. When the lien was noted on the Colorado certificate, therefore, Associates' lien was perfected. Subsequently, the vehicle was taken from Colorado to Nebraska where a "clean" certificate issued. The problem here is that the dispositive fact according to the statutory language is duplicate registration of the vehicle and not duplicate certificates of title.

Under U.C.C. 9–103(2)(b), the existence of the Colorado certificate implied that Colorado law would determine perfection for at least four months after the vehicle was removed from Colorado and for a period of time thereafter until the vehicle was registered in another jurisdiction. After the expiration of the four-month period and after registration in another jurisdiction, neither Colorado's certificate nor perfection statutes would apply. At that moment, had any other state issued a title when the vehicle was brought into that jurisdiction, that certificate and applicable state's perfection law would be determinative. Colo. Rev.Stat.Ann. § 4–9–103(2)(a)(b) (1974); Neb.Rev.Stat.U.C.C. § 9–103(2)(a), (b) (Cum.Supp.1978) (amended 1980); *In re Howard*, 9 B.R. 957, 959; 5 B.R. 505, 508–09 (Bkrtcy.D.C.V.I.1980); *In re Hartberg*, 25 U.C.C.Rep.Ser. 1429, 1433 (E.D.Wis.1980); J. White and R. Summus, *Handbook of the Law Under the Uniform Commercial Code* at 978–79 (2d ed. West 1980); Coogan, "The New U.C.C. Article 9," 86 Harv.L.Rev. 477, 549–550 (1973).

One court has found that the term "registration" as used in U.C.C. 9–103 contemplates issuance of a certificate of title and not a non-title registration. *Strick Corp. v. Eldo-Craft Boat Co., Inc.*, 479 F.Supp. 720, 28 U.C.C.Rep.Ser. 514, 521 (W.D.Ark.1979). I decline to read the section as requiring a certificate. Specific reference is made in Official Comments to U.C.C. section 9–103 at 4(c) to the situation in which a vehicle is registered in a second jurisdiction without issuance of a new title, indicating that a

distinction is to be made between registration of a vehicle and procurement of a certificate of title.

Under the facts presented for consideration here, and according to U.C.C. 9–103(2)(b), the Colorado Certificate (No. E145358), which noted their lien, would give Associates a perfected security interest in the vehicle in Nebraska for at least four months after the removal of the vehicle from Colorado. If at any time after the removal the vehicle were properly re-registered in Nebraska, then either at the expiration of the four-month period if re-registration occurred during that time or upon the vehicle's registration after the four-month period, the Colorado certificate would no longer govern. At that point, Nebraska Certificate No. 39C–0362 would become effective and Nebraska law would determine perfection. If proper registration has occurred, Nebraska law is determinative and Associates' lien, not properly perfected by notation on the governing certificate, will fail.

Conversely, if the vehicle were never re-registered in Nebraska after its removal from Colorado, the Colorado certificate would have remained in force. The existence of clean Nebraska title would not, in that instance, be dispositive. Since the lien would be noted on the still-effective Colorado title, Associates' lien would be properly perfected and enforceable.

Absent the necessary information regarding this vehicle's registration in Nebraska, I cannot determine the secured status of Associates Financial Services. Accordingly, no order resolving this dispute can be issued.