**In re David Earl JOHNSON and Susan Kay Johnson, Debtors.**

No. 4:06–bk–14408M.

United States Bankruptcy Court, E.D. Arkansas, Western Division.

Jan. 22, 2010.

John Alexander Flynn, Flynn Law Firm, Cabot, AR, for Debtor.

## ORDER

JAMES G. MIXON Bankruptcy Judge.

On June 29, 2009, this Court entered an Order granting a Motion for Relief From Automatic Stay and Abandonment filed by Roswell Properties and contested by Richard Cox, the trustee in the case. In his response to the Motion, the Trustee had raised the issue of whether Roswell's lien in the vehicle in question was unperfected because the assignment of the lien to Roswell was not reflected on the certificate of title to the vehicle. After a hearing on the issue on April 8, 2009, the Court ruled in favor of Roswell in the June 29, 2009 Order.

The Trustee filed a Motion to Amend Findings, or for A New Trial, and for Stay of Enforcement of Order on July 9, 2009, and an Amended Motion to Amend Findings on July 10, 2009. Essentially, the Trustee alleged that the security agreement introduced as evidence at the April 8 hearing granted a security interest in a 2004 R–Vision Condor 1351 Recreational Vehicle while the certificate of title introduced into evidence showed a lien in a "2003 Ford F–5 MH." (Trustee's Amended Motion to Amend Findings at 1.) The Trustee argued that since there was no grant of a security interest in the 2003 Ford and no perfection of the lien in the R–Vision Condor, Roswell was unperfected in either vehicle and should not be entitled to relief from stay and abandonment. These issues were not raised by the Trustee at the previous hearing on April 8, 2009.

On August 28, 2009, after hearing argument on the Trustee's motion, the Court granted a new trial and rescheduled the matter for a second hearing. The basis was that, even though the Trustee had the burden to show the creditor's lack of perfection of its lien at the first trial, the Court's June 29, 2009 Order contained a mistake because a 2004 R–Vision Condor 1351 RV could not, as a matter of logic, be the same vehicle as a 2003 Ford F–5 MH.

On November 5, 2009, a second hearing was held in Little Rock, Arkansas, after which the matter was taken under advisement. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G), and the Court has jurisdiction to enter a final judgment in this case.

## DISCUSSION

At the hearing on November 5, Roswell elicited testimony from Walter L. Justice, owner of two repossession companies, about the importance of using a VIN to identify vehicles targeted for repossession. Roswell's position was that while the descriptions on the security agreement and the certificate of title differ, the VIN on both documents was the same and thus the collateral was adequately identified.

On cross examination, Justice explained the significance of some of the numbers and letters included in the VIN of the vehicle in question. In the course of his explanation, he stated, "motor homes, they're built on a—they're built on Ford and Chevy chassis. So if you've seen a Winnebago sitting there, it could be a Ford or a Chevy, either one, till [sic] you walked up and check the VIN number." (Nov. 5, 2009 hearing, Tr. at 16.) He also testified that the particular VIN on the vehicle in question signifies that the vehicle is mounted on a 2003 Ford chassis made specifically for motor homes. (Nov. 5, 2009 hearing, Tr. at 20.)

This testimony explained why the security agreement and the certificate of title appear to refer to two different vehicles. Motor homes are constructed by various motor home manufacturers on prefabricated chassis built by either Ford or Chevrolet. Thus, the 2004 R–Vision Condor 1351 Recreational Vehicle described by the security agreement was mounted by a motor home manufacturer onto a 2003 Ford Chassis designed specifically to support a motor home and referred to by the certificate of title. The security agreement accurately describes the upper portion of the vehicle in question and the certificate of title accurately reflects the type of chassis used.

As to the accuracy of the VIN in identifying the motor home, at the November 5, 2009 hearing, it was discovered to the surprise of both parties that the VIN on the creditor's security agreement differed from the VIN on the certificate of title by one digit. However, since evidence of this

discrepancy existed prior to the first trial and was not raised at the first trial or as grounds for a new trial, the Court will not consider this error.[1] That being said, the Court does note that there is legal authority that a single digit error in a serial number does not invalidate lien perfection. *Associates Commercial Corp. v. Lancaster (In re Nunley)*, 21 B.R. 826, 828 n. 2 (Bankr.E.D.Tenn.1982)(finding that a single digit error in a financing statement, absent prejudice, is harmless) (citing *Still Assocs. v. Murphy*, 358 Mass. 760, 267 N.E.2d 217, 8 U.C.C.Rep.Serv. 929 (1971); *In re Esquire Produce Co.*, 5 U.C.C.Rep. Serv. 257 (E.D.N.Y.1968)).

The Trustee had the initial burden of proof to show that the creditor did not have a perfected security interest and at the first trial did not raise this issue with regard to discrepancies in VIN and descriptions. The Court determined at the conclusion of the hearing on the motion for a new trial that a mistake had been made in that it was impossible for the motor home to be the same vehicle described by both the certificate of title and the security agreement. However, the Court is now convinced that both descriptions apply to the motor home at issue. At any rate, it was the Trustee's burden to prove otherwise at the first trial. Therefore, the motion to grant a new trial should not ever have been granted in the first place.

After reviewing the evidence and upon further reflection, the Court is compelled to rule that it erred in granting a new trial. Therefore, pursuant to Federal Rule of Civil Procedure 60(b)(6) made applicable by Federal Rule of Bankruptcy Procedure 9024, the Court sets aside the Order granting a new trial and staying the June 29, 2009 Order. The original Order granting

relief from the automatic stay and abandonment is reinstated.

IT IS SO ORDERED.

---

1. In all probability, the difference in the VIN numbers is a scrivener's error or a clerical misprision either on the part of the seller or the Department of Finance and Administration.